**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KELLY BREZOCZKY,

               Plaintiff-Appellant,

v.

DOMTAR CORPORATION,

               Defendant-Appellee.

No.   18-15011

DC No. CV 16-4995 EJD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted March 12, 2019
San Francisco, California

Before:     WALLACE, TASHIMA, and McKEOWN, Circuit Judges.

     Plaintiff Kelly Brezoczky appeals from the district court's grant of summary

judgment in favor of Domtar Corporation in a diversity action alleging breach of

an oral joint venture agreement.  Brezoczky challenges the district court's

conclusion on summary judgment that there is insufficient evidence of a binding

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

joint venture agreement between the parties.  We have jurisdiction under 28 U.S.C. § 1291, and we review a district court's grant of summary judgment *de novo*. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017). We affirm.

Although "the law requires little formality in the creation of a joint venture," *Boyd v. Bevilacqua*, 55 Cal. Rptr. 610, 619 (Ct. App. 1966), a contract still must be sufficiently definite for the court to ascertain the parties' obligations, to determine whether those obligations have been performed or breached, and to provide a rational basis for the assessment of damages.  *Bustamante v. Intuit, Inc.*, 45 Cal. Rptr. 3d 692, 699 (Ct. App. 2006).  A letter of intent may be a contract, "[r]egardless of the title, if the content shows that the parties intended to be bound, and the other requisites of a contract have been satisfied."  *Rennick v. O.P.T.I.O.N. Care, Inc.*, 77 F.3d 309, 315 (9th Cir. 1996).

Here, the Letter of Intent ("LOI") at the center of this case shows that Domtar did not intend to be bound by its terms.  The very first line of the LOI characterizes the document as "non-binding."  The LOI goes on to expressly state in Section 7 that "this LOI (except for Sections 3 through 9 hereof . . . ) is not intended to be, and shall not be construed to be, a binding commitment, agreement or contract."  Also, Section 9 allows either party to the LOI to terminate the LOI at

2

any time after April 15, 2016.  Therefore, the LOI is not a contract that binds Domtar.

Furthermore, it simply is implausible that Domtar made a separate oral agreement with Brezoczky as an individual with the terms reflected in Section 2 of the LOI. Brezoczky signed the non-binding LOI in her capacity as CEO of Butterfly Health Inc. and not as an individual.  There is no indication that Brezoczky was negotiating contract terms for herself that were separate from the negotiations she was conducting on behalf of her company.  In this context, we cannot use portions of the LOI that are explicitly non-binding on Domtar to show that Domtar was bound by those terms to Brezoczky in her individual capacity.

The voice mails, text messages, and emails sent by Domtar executives and representatives to Brezoczky and to a third party are also consistent with Domtar's position that it reached only a tentative agreement with Brezoczky regarding the potential terms of a possible partnership.  When considered together with the LOI and the context of the negotiations, the statements by Mike Fagan, Steve Makris, and Christopher Ward do not give rise to a plausible inference that Domtar had a separate oral joint venture agreement with Brezoczky as an individual.

Brezoczky also challenges the district court's denial of her motion for partial summary judgment on Domtar's affirmative defense on the issue of mitigation of

3

damages.  Because we affirm the district court's summary judgment on the issue of whether there was a joint venture agreement, the question of affirmative defenses is moot.  We therefore do not reach this issue.

**AFFIRMED.**